# IN THE COURT OF APPEALS OF IOWA

No. 24-0620
Filed April 23, 2025

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**BRITTANY JO ANN BAILEY,**
  Defendant-Appellant.
_____

  Appeal from the Iowa District Court for Clarke County, Patrick W. Greenwood, Judge.

  Brittany Jo Ann Bailey appeals the sentences imposed by the district court after her convictions. **AFFIRMED.**

  Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

  Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

  Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Brittany Jo Ann Bailey appeals the sentences imposed by the district court after her convictions. Because the court did not abuse its discretion when sentencing her, we affirm.

## I. *Background Facts and Proceedings.*

While executing a search warrant for stolen property at a home in Osceola, the Clarke County Sheriff's Department discovered a locked bedroom door with "the odor of [m]arijuana emitting from it." After obtaining a second search warrant, the law enforcement officers searched the bedroom, in which they found drug paraphernalia and quantities of marijuana and psilocybin mushrooms that were too large for personal use and were individually packaged in varying smaller amounts consistent with drug dealing. The owner of the house later testified that the bedroom belonged to Bailey. The State charged Bailey with two counts of possession with intent to deliver a schedule I controlled substance, two counts of failure to affix drug tax stamps, and one count of possession of drug paraphernalia. After a two-day trial, a jury convicted her as charged. The court ordered a presentence investigation (PSI) and scheduled sentencing, but Bailey refused to cooperate with the investigator and sign releases of information. Despite this, the PSI investigator still recommended probation.

At the sentencing hearing, the State recommended incarceration, but Bailey requested a deferred judgment and probation. The court denied Bailey's request for a deferred judgment and sentenced Bailey to indeterminate terms of incarceration not to exceed five years on counts I, III, and IV; one year for count II; and three days for count V. The court ordered the sentences for counts I and II to

run consecutively to each other and all other counts to run concurrently to counts I and II. But the court suspended all incarceration and imposed probation. Bailey appeals.

## II.     Review.

We give sentencing courts "broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). The discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

## III.     Sentencing Discretion.

Bailey contends the district court abused its sentencing discretion by denying her a deferred judgment. She specifically cites the court's "fail[ure] to consider what three felony convictions would do to hinder her rehabilitation," its weighing of the mitigating factors, and its reliance on her failure to comply with the PSI. "A district court must consider all relevant factors, including the 'nature of the offense, the attending circumstances, the defendant's age, character and propensity of the offender, and the chances of reform.'" *West Vangen*, 975 N.W.2d at 355 (citation omitted). But sentencing is highly discretionary, and the consideration of proper factors "will not always lead to the same sentence." *Formaro*, 638 N.W.2d at 725. Upon our own review of the record, we do not find any abuse of discretion.

The court expressly considered the mitigating factors Bailey cites and "fashion[ed] a sentence that will give [her] the best chance" for rehabilitation.[1] But it also considered aggravating factors, such as her unwillingness to cooperate with the PSI investigator and her previous criminal history, which did not convince the court of her ability to be successful on probation:

> Ms. Bailey, bluntly, I can't think of any defendant that I have ever been involved with in the past that seemingly did as much as they could to sabotage the recommendation from the presentence investigator. You refused to cooperate fully with the investigator by not releasing information. . . .
> . . . .
> . . . What I read [in the PSI report] is someone who doesn't want anything to do with probation.

Despite the court's reservations, it still granted Bailey probation, but it denied her a deferred judgment. To explain this decision, the court stated:

> [D]ue to the nature and circumstances of the offenses that you have committed, I'm not going to grant a deferred judgment because I think that would unduly depreciate [*sic*] the seriousness of the offenses that you have committed . . . .

The consideration of these factors is not only proper, but it is required by statute. *See* Iowa Code §§ 901.5, 907.5(1)(a)–(g) (2023); *West Vangen*, 975 N.W.2d at 355 ("A defendant's acceptance of responsibility for the offense, and a sincere demonstration of remorse, are proper considerations in sentencing." (citation omitted)). And the mere fact that Bailey requested a different sentence is not an abuse of discretion. *See Formaro*, 638 N.W.2d at 725. Instead, it reflects "the

---

[1] While the court expressly considered these factors in this case, we do note that it was not required to. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("We do not believe, however, it is required to specifically acknowledge each claim of mitigation urged by a defendant. Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.").

discretionary nature" of sentencing. *Id.* "Our task on appeal is not to second-guess the sentencing court's decision," but to determine whether the court considered some improper factor. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020). Because Bailey provides no indication that the court relied on an improper factor or abused its discretion, we affirm her sentences.

### IV.     Disposition.

Because we find the sentencing court did not abuse its discretion, we affirm the sentences imposed.

**AFFIRMED.**